F I L E   C O P Y

JUDGMENT
================================================================

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

----------

NO. 99-57017
CT/AG#: CV-99-06877-JSL

SONNY MESBAH

        Plaintiff - Appellant

v.

JANET RENO, Attorney General of the United States Department
of Justice, in her official capacity and as agency head

        Defendant - Appellee

----------

APPEAL FROM the United States District Court for the Central District of California, Los Angeles.

THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the Central District of California, Los Angeles and was duly submitted.

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is  REVERSED and REMANDED.

Filed and entered       July 25, 2001.



**ORIGINAL**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 25 2001

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SONNY MESBAH,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>JOHN ASHCROFT*, Attorney General of the United States Department of Justice, in his official capacity and as agency head,<br><br>    Defendant-Appellee. | No. 99-57017<br><br>D.C. No. CV 99-06877-JSL<br><br>MEMORANDUM** |

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, District Judge, Presiding

Argued and Submitted June 4, 2001
Pasadena, California

Before:    TROTT, McKEOWN, and W. FLETCHER, Circuit Judges.

Sonny Mesbah appeals the district court's dismissal of his complaint pursuant to Rule 12(b)(6). At oral argument, the attorney for the government

---

   * John Ashcroft, Attorney General of the United States, is substituted for his predecessor, Janet Reno, Fed. R. App. P. 43(c)(2).

   ** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

conceded that Mesbah's Title VII claim based on his non-selection for a deportation officer position in January 1997 should not have been dismissed. We agree. We address the disputed issues in the discussion that follows. Because the parties are familiar with the facts and prior proceedings, we do not restate them unless necessary.

I

At oral argument, Mesbah contended that the district court erred by not allowing him leave to amend his complaint to restate claims made under the Americans with Disabilities Act as claims under the Rehabilitation Act of 1973. Mesbah waived this issue before us by not arguing it in his opening brief. *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1110 n.1 (9th Cir. 2000) (en banc) ("[T]he law of this circuit is that issues not raised in a party's opening brief are waived."). Our holding that the issue has been waived before us does not preclude the district court from deciding in its discretion, following remand, whether Mesbah should be allowed to amend his complaint to restate the claims.

II

2

In its motion to dismiss in the district court, the government argued that Mesbah's Title VII claims based on religious discrimination had not been exhausted. The district court granted the government's motion but did not make a written order. We reverse the district court on this issue.

Mesbah's religious discrimination claim was not included in his original EEOC charge. New claims "may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) (quotation marks omitted). In analyzing whether claims are "reasonably related," we look to "the scope of an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination." *Id.* (quotation marks omitted). In Mesbah's first informal interview with the EEO counselor, he said that he thought he was being discriminated against on account of both national origin and religion. We hold that it can be reasonably expected that the EEOC investigation would have explored the possibility of discrimination based on religion, and therefore that Mesbah has exhausted his religious discrimination claim. Our holding does not change the scope of the factual allegations underlying Mesbah's action. Rather, it allows Mesbah to proceed with a second theory of discriminatory motivation based on the same allegations.

3

## III

The government at oral argument conceded that the discrimination claim based on Mesbah's non-selection for a deportation officer position in January 1997 should not have been dismissed, but the government argued that Mesbah had not exhausted his later claims, which were based on alleged retaliation.

To decide whether retaliation claims require the filing of a new complaint, we look to whether the claims are "part and parcel" of other exhausted claims or whether they "raise[] a different theory of discrimination . . . or [are] not directly related to the earlier claims." *Anderson v. Reno*, 190 F.3d 930, 938 (9th Cir. 1999). The complaint in the present case explicitly links the retaliatory conduct with the earlier discrimination:

> The aforementioned acts and omissions of defendant constitute unlawful discrimination against plaintiff because of his national origin and religion. They also constitute unlawful retaliation for plaintiff's involvement in protected activity. The herein described activities of defendants, constitute a continuing series of related discriminatory acts and a systematic policy, pattern and practice of discrimination by defendants targeting plaintiff because of his national origin, religion and involvement in protected activity . . . .

Complaint ¶ 45. In reviewing a 12(b)(6) dismissal, "the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir. 2000) (quotation marks omitted). The factual allegations in

4

David L. Ross, Esq.
ROSS, ROSE & HAMMILL, LLP
P.O. Box 18137
Beverly Hills, CA 90209

sm
99-57017

Thomas Stephen Campbell
ROSS, ROSE & HAMMILL, LLP
P.O. Box 18137
Beverly Hills, CA 90209


sm
99-57017

SCANNED

Suzanne H. Segal, Esq.
USLA - OFFICE OF THE U.S. ATTORNEY
Civil Division
Room 7516
300 North Los Angeles Street
Los Angeles, CA 90012


sm
99-57017

Donna J. Everett-Ford
AUSA-Office of US Attorney
Civil Division
Room 7516
300 North Los Angeles Street
Los Angeles, CA 90012


sm
99-57017